## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION


ROBERT F. GRIFFITH
a/k/a FULTON Q. GRIFFITH,

       Petitioner,

-vs-                             Case No.  8:03-CV-946-T-27MSS

WARDEN HARRIS, et al.,

       Respondents.

_____/

## ORDER

Petitioner, a State of Florida inmate, initiated this cause of action *pro se* by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1993 convictions entered by the Twelfth Judicial Circuit Court, Sarasota County, Florida, Case No. 93-0835-F. Petitioner's first petition (Dkt. 1) was superseded by an amended petition (Dkt. 4) filed on August 11, 2003.[1]   Respondent has filed a response to the amended petition (Dkt. 10), and Petitioner has filed a reply thereto (Dkt. 12).  The matter is now before the Court for consideration on the merits.

### Discussion

Petitioner was arrested for burglary of an occupied dwelling and criminal mischief on March 31, 1993 (Dkt. 10, Ex. 001 at 393).  Represented by court-appointed counsel, Petitioner proceeded to a trial by jury on September 16, 1993 (Dkt. 10, Ex. 001, Vol. 1 at

---

[1]*See Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982)  (finding that an amended complaint under the Federal rules supercedes the original complaint).

7). The jury returned a verdict of guilty as charged (Dkt. 10, Ex. 001, Vol. 3 at 451). On September 28, 1993, Petitioner was sentenced to a term of 66 months in prison on the charge of burglary of an occupied dwelling and time served on the charge of criminal mischief (Dkt. 10, Ex. 001, Vol. 3 at 457-58). Petitioner's convictions and sentences were affirmed on appeal on September 8, 1995. *See Griffith v. State*, 661 So.2d 6 (Fla. 2d DCA 1995).

According to Respondent, Petitioner did not file any application for post-conviction relief (Dkt. 10 at 2). Petitioner states that he filed a petition for writ of coram nobis on December 10, 2002, which was "denied for limitation of action had passed" (Dkt. 4 at 6). In either event, for reasons discussed below, this dispute regarding the procedural history of the underlying convictions is not material to the outcome of these proceedings.

Petitioner initiated this cause of action by filing a petition for federal habeas relief on May 15, 2003 (Dkt. 1). Petitioner's amended petition was filed on August 11, 2003. Petitioner asserts one claim for relief, to wit, that the trial court erred in denying a motion for "judgment of acquittal based upon the owner of the residence [sic] testimony under oath explaining that [Petitioner] had consent to enter the dwelling" (Dkt. 4 at 5).

Respondent argues that the Court lacks jurisdiction to hear the amended petition because Petitioner is no longer in custody for the convictions challenged therein. Respondent argues in the alternative that the amended petition is time barred under 28 U.S.C. § 2244(d).

**Expired Conviction**

A § 2254 petitioner must show that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Although Petitioner is currently incarcerated, he is not

incarcerated on the 1993 convictions[2] and Petitioner does not assert that the 1993 convictions have been used to enhance the sentences he is currently serving.  Because Petitioner is no longer serving sentences for his 1993 convictions, he cannot bring a federal habeas action directed solely at those convictions. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001).

Even if his current sentences were enhanced by the 1993 convictions, he could not challenge the validity of the 1993 convictions.  Such relief is severely limited by the Supreme Court's recent holding that if "a prior conviction . . . is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse.  The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction." *Daniels v. United States*, 532 U.S. 374, 382 (2001).  *See also Lackawanna,* 532 U.S. at 401.  In such circumstances, the only exception available to a petitioner is when the prior conviction was obtained in violation of the right to counsel, as established in *Gideon v. Wainwright*, 374 U.S. 335 (1963).  *See Daniels*, 532 U.S. at 382.  That exception is, however, not applicable in this case because, as the trial transcript confirms, Petitioner was represented by counsel during his 1993 trial and sentencing, *see* Dkt. 10, Ex. 001, Vols. 1 and 2.

---

[2]The Court takes judicial notice of information available at the Florida Department Of Corrections ("DOC") Offender Information Network, viewed June 9, 2006, stating that Plaintiff is currently incarcerated on convictions of selling cocaine, battery on a law enforcement officer and resisting a law enforcement officer with violence entered on February 11, 2003 in the Twelfth Judicial Circuit Court, Sarasota County, Florida, Case No. 02-02058.  *See* Fed. R. Evid. 201.  *See also* Dkt. 4 at 13.

**Timeliness**

The Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA") created a new one-year limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). Although Petitioner challenges 1993 convictions, since he filed his request for federal habeas relief in 2003, the amended petition is governed by the provisions of § 2244(d), as amended by the AEDPA. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998).   Because Petitioner's convictions became final prior to the enactment of the AEDPA, his one-year limitation period began to run on its enactment date, April 24, 1996.   *See Williams v. Taylor*, 529 U.S. 420, 429 (2000).   Therefore, Petitioner had until April 24, 1997, to commence federal proceedings absent any delay attributable to tolling, i.e., a pending, properly filed application for state post-conviction relief.

No state court proceedings related to Petitioner's convictions were pending on the date of AEDPA's enactment. According to Petitioner's sworn statements, he did not seek relief from his convictions in state court until he filed a petition for writ of coram nobis in 2002, more than five years after the expiration of the limitation period for filing a § 2254 petition.[3] *See* 28 U.S.C. § 2244(d)(1). Assuming, without deciding, that the petition for writ of coram nobis was a "properly filed" state application for post-conviction relief, it cannot operate to toll the limitations period because it was filed <u>after</u> the period had expired. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state application for post-

---

[3]A review of the records for this district reveals that Petitioner filed his first challenge to his 1993 convictions in this Court on October 16, 2000. *See Griffith v. Mingo*, Case No. 8:00-CV-2134-T-23MAP (M.D. Fla. 2000). The petition was dismissed for failure to prosecute when Petitioner failed to pay the filing fee within 30 days of filing the petition. Petitioner filed a second § 2254 petition on September 4, 2001, which was also dismissed for failure to prosecute. *See Griffith v. Mingo*, Case No. 8:01-CV-1671-T-17TGW (M.D. Fla. 2001). Even if the limitations period had not already expired when these petitions were filed, the United States Supreme Court has held that filing a federal habeas petition has no tolling effect under § 2244(d). *See Duncan v. Walker*, 533 U.S. 167, 172 (2001).

conviction relief that is filed following the expiration of the federal limitation period has no tolling effect because there is no period remaining to be tolled); *Webster v. Moore*, 199 F.3d 1256, 1257 (11th Cir.), *cert. denied*, 531 U.S. 991 (2000) (finding that even "properly filed" state-court petitions must be "pending" in order to toll the AEDPA one-year limitation period for federal habeas petitions). Thus, the amended petition is clearly time-barred under 28 U.S.C. § 2244(d)'s one-year limitations provision unless Petitioner demonstrates that he is entitled to statutory or equitable tolling of the limitation period.

Petitioner has not shown that a state created impediment prevented him from filing a timely petition or that he could not have discovered the factual predicate of his federal claims prior to April 24, 1997. *See* 28 U.S.C. § 2244(d)(1)(B) & (D). Thus, Petitioner is not entitled to statutory tolling of the limitation period.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner does not dispute Respondent's assertion that the amended petition is untimely or attempt to demonstrate cause and prejudice to excused his procedural default. Petitioner asserts instead that he is entitled to proceed despite the procedural bar because he is "actually innocent" of the offense of conviction.

Assuming, without deciding, that an "actual innocence" exception to the limitations period exists, the Court finds that Petitioner fails to state a colorable claim of actual innocence.   A petitioner in a collateral proceeding who wishes to establish his actual

innocence to avoid a procedural bar to consideration of the merits of his underlying claim must demonstrate that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo,* 513 U.S. 298, 327 (1995). To establish this requisite probability, Petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* In this context, Petitioner must demonstrate that he has newly discovered evidence that was not presented at trial which would establish factual innocence rather than mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Petitioner's assertion of actual innocence fails under the *Sawyer* test. Petitioner asserts that he is actually innocent of the burglary charge because Ms. Tressey Lamb, the resident of the apartment, gave him permission to enter at any time. This information is not "newly discovered" – it was available to Petitioner when he proceeded to trial in 1993, as evidenced by trial counsel's August 18, 1993 pretrial motion to dismiss the burglary charge based on Ms. Lamb's Affidavit of Facts (Dkt. 10, Ex. 001, Vol. 3 at 408-13), and Ms. Lamb's testimony at trial (Dkt. 10, Ex. 001, Vol. I at R. 162-201). Given the jury's guilty verdict, it apparently did not find Ms. Lamb's testimony to be credible.

Petitioner does not contend that he has any other "new" evidence of factual innocence that was not available at trial. Without such a showing, Petitioner cannot demonstrate a colorable claim of actual innocence. In sum, Petitioner fails to demonstrate any basis for the Court to disregard the procedural bar to a consideration of the merits of his underlying claim.

### Conclusion

For reasons discussed above, the Court finds that Petitioner has not demonstrated that he meets the criteria for relief under § 2254.

-6-

ACCORDINGLY, the Court **ORDERS** that:

1. The amended petition for federal habeas relief pursuant to 28 U.S.C. § 2254 is **DENIED** (Dkt. 4).

2. The Clerk shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on ___June 13th___, 2006.


_____
JAMES D. WHITTEMORE
United States District Judge

SA: jsh

Copy to: All Parties/Counsel of Record